JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 3933

------------------------------------------------------------X
SHELDON REID,

                        Plaintiff,          Index No.:_____

   -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,     COMPLAINT
TIMOTHY SEGER, STEFANO MISCIAGNA,          (Trial by Jury Demanded)
JOHN DOE, and HON. ROBERT T. JOHNSON,
DISTRICT ATTORNEY, BRONX COUNTY,

                      Defendants.
------------------------------------------------------------X

Plaintiff Sheldon Reid ("Plaintiff" or "Reid"), by his attorneys The Law Offices of Daniel Felber, complaining of Defendants The City of New York, The New York City Police Department ("NYPD"), Timothy Seger ("Seger"), Stefano Misciagna ("Misciagna"), John Doe, and Hon. Robert T. Johnson, District Attorney, Bronx County ("Johnson"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action by a citizen of the United States and the State of New York against The City of New York, the NYPD, individual police officers, and the District Attorney of Bronx County for his unlawful stop, detention, assault, imprisonment, prosecution, and general violations of his rights under the United States and New York State Constitutions.

2.     Plaintiff demands a trial of this action by a jury of his peers.

## THE INDIVIDUAL PARTIES

3.     Plaintiff Sheldon Reid is a citizen and resident of the State of New York, residing in Bronx County.

4. Defendant The City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, Defendant NYPD, which acts as its agent in the area of law enforcement and for which it is legally responsible. The City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers.

5. Defendant Seger was and is, on information and belief, employed by the NYPD as a police officer in the 47 Precinct, identified as such under shield number 12371, and is, on information and belief, a citizen and resident of the State of New York.

6. Defendant Misciagna was and is, on information and belief, employed by the NYPD as a police officer in the 47 Precinct, identified as such under shield number 02294, and is, on information and belief, a citizen and resident of the State of New York.

7. Defendant John Doe was and is, on information and belief, employed by the NYPD as a police officer (the name John Doe being fictitious as his true name and shield number are not presently known), and is, on information and belief, a citizen and resident of the State of New York.

8. Defendants Seger, Misciagna, and John Doe (collectively, "P.O. Defendants") are being sued in their individual and official capacities.

9. At all relevant times herein, the P.O. Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as

officers, agents and employees of the NYPC and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

10. The P.O. Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Plaintiff's rights.

11. At all relevant times, Defendants The City of New York, NYPD and P.O. Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein.

12. Defendant Hon. Robert T. Johnson was and is the District Attorney of Bronx County, and is, on information and belief, a citizen and resident of the State of New York.

13. At all relevant times, Johnson conspired with his co-defendants to proceed with criminal charges against Plaintiff without probable cause.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, as Plaintiff is alleging violations of the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over Plaintiff's State and common law claims pursuant to 28 U.S.C. § 1367(a).

15. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(a)(2) as the events giving rise to Plaintiff's claims took place in the Southern District of New York.

16. Plaintiff filed a timely notice of claim upon the City of New York on May 11, 2012, pursuant to § 50-e of New York's General Municipal Law.

## STATEMENT OF FACTS

**Plaintiff's Unlawful Stop, Detention and Questioning**

17. Plaintiff Sheldon Reid is a thirty-two year old father of two who resides in Bronx County and earns a living as a construction worker.

18. On March 14th, 2012, at about 7:00 pm, Reid and his girlfriend, Elaine Feliciano ("Feliciano"), were driving on Pitman Avenue in his girlfriend's car on their way to meet their daughters at P.S. 87 park, located on Pitman Avenue between Grace Avenue and Edison Avenue, Bronx, New York ("the Park").

19. Feliciano was driving the car.

20. Feliciano parked her car adjacent to the Park on Pitman Avenue.

21. As Reid exited the vehicle to enter the Park, he noticed a marked NYPD cruiser parked immediately behind Feliciano with three uniformed NYPD police officers inside.

22. Reid later learned the identity of two of these officers: Defendants Seger and Misciagna.

23. Defendant John Doe was the third officer in the vehicle.

24. The NYPD car did not have its rooftop lights turned on, nor was the siren activated.

25. As Reid walked towards the back of Feliciano's car to get to the park, two of the officers exited their vehicle and approached him.

26. One officer stopped Reid and demanded to know where he was going.

27. Reid replied that he was going into the Park.

28. This same officer asked Reid why he was going into the Park.

29. Reid told the officer he was going to meet his daughter.

30. The same officer then demanded Reid's identification.

31. Reid, who was wearing sweatpants at the time, responded that he didn't have identification because he was just going to the Park to see his daughter.

32. Reid then inquired why he was being stopped and questioned.

**Defendants' Assault of Plaintiff**

33. Without provocation, the officers began advancing upon Reid menacingly and at a fast pace.

34. Reid retreated from the officers until he was impeded by a fence.

35. The officers next verbally abused Reid, calling him a "tough guy" and rhetorically asking him, "you think you're smart?"

36. Reid responded that he just wanted to know why he was being stopped, and reiterated that he was just heading to the Park.

37. Two of the officers then grabbed Reid's hands while the third officer tackled him to the ground, face down, with his knee folded beneath him.

38. Each of the officers then proceeded to strike Reid multiple times on his back, his face, his head, and his neck.

39. A crowd formed around the officers and Reid, with bystanders shouting for the officers to leave Reid alone. Members of the crowd informed the officers that Reid did not violate the law and inquired of the officers as to why they were hitting him.

40. Feliciano also requested that the police stop hitting Reid, to no avail.

41. Throughout the officers' assault of Reid, the officers repeatedly yelled at Reid to "stop resisting", though Reid was not resisting arrest, but was protecting himself from the officer's blows.

42. The entire altercation lasted a few minutes.

**Plaintiff's Unlawful Search and Imprisonment**

43. Reid was frisked and searched by the officers.

44. The P.O. Defendants then handcuffed Reid behind his back, and again punched him in the face and body while he was restrained.

45. The officers then lifted Reid off the ground and escorted him to their NYPD vehicle.

46. As Reid was taken in cuffs to the 47 Precinct station house, the officers shouted obscenities and taunted him throughout the trip.

47. The officers told Reid "we are going to lock you up and there's nothing you can do about it."

48. Reid informed the officers them that due to the injuries he just sustained at their hands, he could not see out of his right eye.

49. Reid also complained to the officers that the handcuffs were too tight and cutting into his wrists and that he was in great pain and suffering from the officers' assault.

50. The officers withheld medical care from Reid, telling him that unless he provided the police with his pedigree information, they would continue to refuse to provide him with medical assistance.

51. Reid, terrified and fearing for his life, refused to provide them with any additional information.

52. Reid was left handcuffed in solitary confinement for several hours.

53. After approximately two hours later, Reid was taken out of the cell to be fingerprinted.

54. Reid was told by the officers that it was "too late" for him to get any medical attention.

55. After several more hours in solitary confinement, Reid was taken to Bronx County Central Booking.

56. Reid first received medical attention from a paramedic after he arrived at Central Booking.

57. Reid informed the paramedic that he couldn't see out of his right eye, and that his back, neck and wrists were hurting.

58. The paramedic treated Reid a laceration under his eye, but provided no additional medical treatment.

59. Reid was photographed while in custody at Bronx County Central Booking.

60. Reid did not appear before a judge until March 16, at around 6:00 pm; 47 hours after his arrest.

**Plaintiff's Unlawful and Malicious Prosecution**

61. Ultimately, Reid was charged with several offenses, including two counts of Assault in the Second Degree, a felony, Penal Law § 120.05(3), under docket number 2012BX016195.

62. The other offenses charged include: Assault in the Third Degree (two counts) (Penal Law § 120.00(1)), Resisting Arrest (Penal Law § 205.30), Obstructing Governmental Administration in the Second Degree (Penal Law § 195.05), Criminal Mischief in the Fourth Degree (two counts) (Penal Law § 145.00(1)), Disorderly Conduct (Penal Law § 240.20(1)), and Harassment in the Second Degree (two counts) (Penal Law § 240.26(1)).

63. Defendant Seger personally signed the complaint against Reid under penalty of perjury, alleging following in support of his charged offenses:

> Deponent [Seger] states that, at the above time and place, he was conducting a lawful vehicle stop of a Chrysler for dark tinted windows, when he observed defendant [Reid] exit the front passenger side of said vehicle. Deponent further states that he observed PO Stefano Misciagna of 47 PCT, Shield # 02294, instruct defendant to return to the vehicle and defendant refused. Deponent further states that he observed PO Stefano Misciagna ask defendant for identification and defendant yelled in sum and substance: ["]I don't have ID. You can't talk to me like this. I'm here to pick up my kids. You can't do this to me["]. Deponent further states that he observed a group of people surround him and defendant. Deponent further states that he attempted to place handcuffs on defendant in order to transport him to the precinct to issue a summons and defendant flailed his arms and refused to be handcuffed.
>
> Deponent further states that defendant bit him on his left hand. Deponent further states that he observed defendant grab his OC (Oleoresin Capsium) canister holder, which was on his belt, and pull, causing it to rip off.
>
> Deponent is informed by PO Stefano Misciagna, that defendant bit him twice, once of [sic] each of his hands, breaking the skin.
>
> Deponent further states that as a result of defendant's actions, he suffered bruising, swelling and pain to his knees, as well, as pain to his hand and sought treatment at a local Bronx hospital. Deponent further states that he is the lawful owner of said canister holder, and defendant did not have permission or authority to damage said property.
>
> Deponent is informed by informant that as a result of defendant's aforementioned actions, he suffered substantial pain and swelling to his knee, and lacerations to both his hand [sic], and sought treatment at a local Bronx hospital. Deponent is further informed by informant that he is he [sic] lawful owner of said shirt and defendant did not have permission or authority to damage said shirt.
>
> Deponent further states that he is a New York City Police Office [sic] and he was dressed in his official uniform and performing his official duties of issuing summons and defendant's actions interfered with him performing his official duties.

64. The above-described complaint is legally deficient in numerous ways, and insufficient to support the charges filed against Reid.

65. On information and belief, Defendant Seger was assisted in preparing and drafting the complaint by an agent of Defendant Johnson, who then caused the complaint to be filed against Reid in New York City Criminal Court, Bronx County.

66. On information and belief, these charges were filed against Reid in a malicious attempt to shield the arresting officers, the NYPD, and The City of New York from any liability for their unlawful, unjustified, and unreasonable offenses against Reid, and their violations of his constitutional rights, and in order to harass and harm Reid.

67. At his arraignment, Reid pleaded not guilty to the above-charged offenses, and was released on his own recognizance despite Johnson's request for the imposition of bail in an effort to continue Reid's unlawful imprisonment.

68. Johnson never presented the felony charges to a grand jury.

69. On May 2, 2012, Reid's next court date, Johnson dismissed the felony charges against Reid.

70. The remaining misdemeanor and violation charges are currently pending against Reid, and he has made numerous court appearances for them, missing work – and losing wages – on at least four occasions.

71. As a result of the foregoing, Reid has suffered physical injuries, medical expenses, emotional trauma, stress, the loss of freedom, embarrassment, fear for his safety, harm to his reputation, and loss of income.

72. At all relevant times, Defendants acted with malice and/or reckless disregard for Reid's rights under the United States and New York State Constitutions.

## FIRST CAUSE OF ACTION
### (Unlawful Stop and Detention in Violation of the United States and New York State Constitutions)

73. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 72, above, with the same force and effect as if fully set forth herein.

74. Defendants, without just cause or reasonable suspicion, stopped Plaintiff and detained him for questioning in violation of his rights under the United States and New York State Constitutions.

75. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unlawful Inquiry in Violation of the United States and New York State Constitutions)

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 75, above, with the same force and effect as if fully set forth herein.

77. Defendants, without just cause or reasonable suspicion, unlawfully demanded information from Plaintiff and demanded that Plaintiff produce identification, in violation of his rights under the United States and New York State Constitutions.

78. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Assault in Violation of the United States and New York State Constitutions)

79. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 78, above, with the same force and effect as if fully set forth herein.

80. Defendants, without provocation, intentionally subjected Plaintiff to a fear for his physical safety, in violation of his rights under the United States and New York State Constitutions.

81. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Battery in Violation of the United States and New York State Constitutions)**

82. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 81, above, with the same force and effect as if fully set forth herein.

83. Defendants, without provocation, intentionally subjected Plaintiff to physical violence and injury, in violation of his rights under the United States and New York State Constitutions.

84. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**(Unlawful Arrest in Violation of the United States and New York State Constitutions)**

85. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 84, above, with the same force and effect as if fully set forth herein.

86. Defendants, without justification or probable cause, arrested Plaintiff by handcuffing him and placing him inside their locked vehicle, in violation of his rights under the United States and New York State Constitutions.

87. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
**(Excessive Force in Violation of the United States and New York State Constitutions)**

88. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 87, above, with the same force and effect as if fully set forth herein.

89. Defendants, without justification, used unreasonable and excessive force in arresting Plaintiff, in violation of his rights under the United States and New York State Constitutions.

90. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
**(Unlawful Search in Violation of the United States and New York State Constitutions)**

91. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 90, above, with the same force and effect as if fully set forth herein.

92. Defendants, without just cause or reasonable suspicion, subjected Plaintiff to a physical search of his person, in violation of his rights under the United States and New York State Constitutions.

93. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
**(False Imprisonment in Violation of the United States and New York State Constitutions)**

94. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 93, above, with the same force and effect as if fully set forth herein.

95. Defendants, without justification or probable cause, imprisoned Plaintiff for nearly forty-eight hours, in violation of his rights under the United States and New York State Constitutions.

96. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
**(Malicious Prosecution in Violation of the United States and New York State Constitutions)**

97. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 96, above, with the same force and effect as if fully set forth herein.

98. Defendants, without probable cause and with actual malice, caused criminal charges to be filed against Plaintiff and continue to prosecute Plaintiff pursuant to those charges, in violation of his rights under the United States and New York State Constitutions.

99. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendants awarding Plaintiff compensatory damages, punitive damages, interest, costs, and attorney's fees, in an amount to be determined at trial, in addition to all such other relief that this Court deems just and proper.

Dated: June 6, 2013
New York, New York

> THE LAW OFFICES OF DANIEL FELBER
> *Counsel for Plaintiff Sheldon Reid*
>
> By: _____
> Benjamin N. Leftin, Esq. (BL0895)
> 99 Wall Street, 21st Floor
> New York, New York 10005
> T: 212.425.4250
> F: 212.422.4605
> Benjamin@felberlaw.com